Day, J.
As to the alleged error in the rejection of testimony bn the first trial, it is only necessary to say, that the judgment rendered on the second trial can not be invalidated for error, if any there was, that intervened only *307 on the first trial; for such errors do not affect the judgment rendered on the second trial.
Did the court err, in its charge to the jury, in regard to tbe extent of the burden of proof resting on the defend.ants below ? To determine this question, we must look to the issues made by the pleadings. The petition is founded •solely on the wrongful taking of the goods. The answer .admits the taking of the goods, but justifies the taking •under a contract, and avers that no unnecessary damage was done in such taking. The reply merely denies the making and breach of the contract. So far, then, the bur•den of proof was cast upon the defendants. To that extent the court was right in its charge. But as to the further fact, that unnecessary damage was done to the goods in their removal, if it be conceded that this fact was ■essential to the defense, it was averred in the answer, and not denied in the reply; it must, then, under the provisions of the code, be taken as true; and, therefore, no proof of the fact wás required. The charge, therefore, that the burden of proving the fact rested on the defend.auts, was misleading; for, under the charge, though the fact was admitted by the pleadings, the jury was left to ■find against the defendants, for want of evidence, where no proof was required.
But, furthermore, under the contract, as it was claimed ■to exist, if the plaintiff sold whisky she forfeited all her privileges, and it then became a lawful right of the society to remove her property from the fair grounds. This right, it must be presumed, the officers exercised in a lawful manner, as there can be no propriety in assuming that they would do a lawful thing in an unlawful manner. If, then, it was claimed, by the plaintiff, that the facts were otherwise, that there was carelessness or negligence on their part, it was for her, who made that claim, to establish it by evidence; the burden, thus, was upon her to show that the injury -was occasioned by defendants’ negligence, and the charge asked by defendants should have been given.
Instead of this, however, the court said that it was for *308 the defendants to 'show, not only that the contract was made and violated by the plaintiff, but also to show that they removed the goods in a careful manner, and that no unnecessary damage was done to the property by such removal. This was misleading, in that it seems to intimate that defendants must not only take care of the goods while moving them, but must also look out for them after the5r were removed. This was no part of their legal obligation. All they had to do was to remove the goods. If the owner saw fit to abandon them, and seek to make the society responsible, it was a risk she voluntarily assumed; their responsibility ceased when the goods were put off the premises.

Judgment reversed.